UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICK C. SASSO, M.D. and SEE LLC,　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs/Counter-defendants,　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　　　　　) CAUSE NO. 3:13-cv-1031-PPS-CAN
　　　　　　　　　　　　　　　　　　　　　　　)
WARSAW ORTHOPEDIC, INC.,　　　　　　)
MEDTRONIC, INC., and MEDTRONIC　　)
SOFAMOR DANEK, INC.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants/Counter-plaintiffs.　　　)

**OPINION AND ORDER**

On December 23, 2013, Plaintiffs, Rick C. Sasso ("Sasso") and SEE LLC, filed a Motion for Leave to Serve Discovery While Motion to Remand is Pending. On January 9, 2014, Defendants Warsaw Orthopedic, Inc., Medtronic, Inc., and Medtronic Sofamor Danek, Inc., filed their response in opposition to Plaintiffs' motion. Plaintiffs filed their reply to Defendants' response on January 16, 2014.

**I.　　BACKGROUND**

Plaintiffs originally filed their Complaint against Defendants in state court in the Circuit Court of Kosciusko County, Indiana, alleging breach of contract for failure to pay required royalties based on a patent licensing agreement. On September 24, 2013, Defendants removed the case to this Court. Defendants claim that this Court has jurisdiction under 28 U.S.C. 1338(a), providing original jurisdiction to district courts in cases "arising under" patent law. On October 22, 2013, Plaintiffs filed a Motion to Remand arguing that this case falls outside of the scope of 28 U.S.C. 1338(a) because it is a matter of state contract law, and therefore, no subject matter jurisdiction exists. On November 5, 2013, Defendants filed a counterclaim against Sasso alleging that he had been overpaid $8.8 million in royalty payments.

Plaintiffs filed the instant motion on December 23, 2013, arguing that good cause exists to begin discovery because Plaintiffs must conduct discovery regardless of whether their pending motion to remand is granted. Plaintiffs agree that they are willing to stipulate that any early discovery would apply whether or not this case is remanded to state court. On January 9, 2014, the parties held their Rule 26(f) conference. Plaintiffs' counsel offered to withdraw the instant motion because it is now moot as the result of the Rule 26(f) conference. Defendants refused this offer and filed their response on January 9, 2014.

## II. ANALYSIS

Rule 26(f) requires that parties have a discovery conference in which they construct a discovery plan before discovery can begin. Fed. R. Civ. P. 26(f). Parties may serve discovery before a Rule 26(f) conference by stipulation or by court order. Fed. R. Civ. P. 26(d)(1). Here, the parties held their Rule 26(f) conference on January 9, 2014. In light of the Rule 26(f) conference, Plaintiffs' motion is moot because the parties no longer need this Court's order to initiate discovery on the merits of this case. In their response to Plaintiffs' motion, however, Defendants argued that a stay of discovery should be issued pending the Court's ruling on Plaintiffs' remand motion. Based on this argument, the Court construes Defendants' response as a request to stay discovery and addresses it as follows.

A court has authority to limit the scope of discovery or to control the sequence of discovery. Fed. R. Civ. P. 26(c), (d). Courts have extremely broad discretion with this authority. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The court must assess the propriety of a stay on a case-by-case basis. *Duneland Dialysis LLC v. Anthem Ins. Cos., Inc.*, Cause No. 4:09-CV-36-RLM-PRC, 2010 WL 1418392, at *2 (N.D. Ind. Apr. 6, 2010). A stay of discovery may be appropriate when a separate motion raises a dispositive issue and discovery

would be "unlikely to produce facts necessary to defeat the motion." *Id., quoting Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at d*1 (N.D. Ill. June 6, 2007). In instances where the court finds that any interference with the discovery process would not expedite the case or would possibly slow the progress of the case, a stay may not be appropriate. *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996).

In this case, Defendants argue that considerations of "fairness and efficiency" justify a stay in this case.[1] The Court is not persuaded. First and foremost, the danger of duplicating efforts in discovery is minimal. Even if Plaintiffs' motion to remand were granted, the parties would still need to engage in discovery to resolve their dispute in state court. Plaintiffs have even stipulated that any discovery in this action would be used should the case be remanded. Therefore, a stay could not decrease the resources expended on discovery by any party.

Second, review of the details of this particular case reveals that starting discovery could actually be more efficient than a stay. Specifically, Plaintiffs' planned discovery is broad and will likely involve production of a large amount of documents or objections to production by Defendants that could require extensive negotiations among the parties, and possibly court assistance, to resolve. With a lengthy discovery process ahead, Defendants have not convinced the Court that there is reason to delay the start.

And lastly, a stay of discovery undoubtedly will delay the final resolution of Plaintiffs' claims. Plaintiffs suggest that this constitutes unfair prejudice at some level. Clearly, this Court seeks to administer every action to secure a just, speedy, and inexpensive resolution to the parties' dispute. *See* Fed. R. Civ. P. 1. Even with that obligation in mind, the Court finds

---

[1] The Court need not address Defendants' argument that the subject of Plaintiffs' requested discovery is not limited to the issue raised in the motion to remand because discovery on the merits of the case has been initiated as the result of the parties' Rule 26(f) conference.

nothing to suggest that any party would be unfairly prejudiced by a stay or by initiating discovery now. Therefore, considerations of efficiency and fairness lead to the conclusions that the possibility that discovery could expedite resolution of this case outweighs any benefits of a stay pending the Court's decision on Plaintiffs' Motion for Remand.

### III. CONCLUSION

Therefore, because the parties have held their Rule 26(f) conference, the Court **DENIES AS MOOT** Plaintiffs' Motion for Leave to Serve Discovery. [Doc. No. 25]. In addition, because Defendants have not demonstrated that efficiency and fairness would be enhanced, the Court **REFUSES** to issue a stay of discovery. The parties may proceed with discovery in this action as allowed under the Federal Rules of Civil Procedure.

**SO ORDERED**

Dated this 6th day of February, 2014.

S/ChristopherA. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
